```
Case 2:07-cv-00082-JLQ    Document 21    Filed 02/25/08
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY RONNE-STOMBAUGH,<br><br>    Petitioner,<br><br>vs.<br><br>TERRY WENGLER,<br><br>    Respondent. | CV-07-0082-JLQ<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

**Before the Court** is Petitioner's Petition for Writ of Habeas Corpus. Petitioner is proceeding *pro se*. Assistant Attorney General Ronda D. Larson represents Respondent. Having reviewed the record, and being fully advised in this matter, **It Is Hereby Ordered** that Petitioner's Petition for Writ of Habeas Corpus is **Denied** for the following reasons.

## FACTUAL BACKGROUND

During the summer of 2002, Larry Ronne-Stombaugh, who lived with his sister in her home and Marcie Dilger, who lived with her son in a different leased home, began an intimate relationship. At one point, Ms. Dilger gave Mr. Ronne-Stombaugh a key to her home and he moved in. He thereafter lost the key and Ms. Dilger began leaving an extra key under the door mat for his use. Ronne-Stombaugh did not share in paying Ms. Dilger's rent and he was never a party to Ms. Dilger's lease agreement.

By the fall of 2002, Dilger felt the relationship was over and she wanted Ronne-Stombaugh to move out of her home. On October 20 and 21, 2002, she initiated several conversations with him about her desire to end the relationship and he made arrangements to move back in with his sister. By October 21, 2002, the extra key was no longer under the Dilger doormat. That evening, they both went to Keno's Tavern in Spokane, Washington, where they finally agreed to end their relationship. Ms. Dilger then began dancing with Tom Wilkinson, and Ronne-Stombaugh told her she was moving on quickly.

At 1:30 a.m., Wilkinson walked Dilger home and they immediately proceeded upstairs to her bedroom. About 15 minutes later, they heard someone pounding loudly on the front door. Wearing only a blanket wrapped around her, Dilger went downstairs to investigate. When she determined that it was Ronne-Stombaugh at the door, she opened the door to speak to him. He called her a slut and wanted to know if Wilkinson was there. She grabbed her cat to keep it from escaping and Ronne-Stombaugh ran past her and up the stairs into Dilger's bedroom, where he found Wilkinson sitting on the bed. He assaulted Wilkinson and knocked him off the bed. Wilkinson managed to escape and raced downstairs, where he entered the laundry room. Ronne-Stombaugh followed him and continued his assault, kicking and hitting Wilkinson. As a result of this latest assault, Wilkinson fell on the laundry room floor unconscious. At this point, Ronne-Stombaugh left the laundry room and entered the hallway, where he was confronted by Dilger who, again demanded he leave her home. He refused and entered the kitchen where he grabbed a butcher knife. He then returned to the laundry room and sliced Wilkinson's forehead with the knife. Wilkinson survived, later regained consciousness, and fled.

Ronne-Stombaugh was arrested and charged with first degree assault and first degree burglary with a deadly weapon enhancement for each count. The case went to trial, where Ms. Dilger testified that she had repeatedly told Ronne-Stombaugh to leave her home and that on the night in question, she saw Wilkinson knocked out on the laundry room floor and told Ronne-Stombaugh to stop beating Wilkinson. Ronne-Stombaugh repeatedly said " Marcie, don't think I won't do it; I'll kill him". She tried to push him out the door but he resisted. Wilkinson testified that he had blacked out for a brief period until he felt a sharp pain to his head and that when he regained consciousness, he saw Ronne-Stombaugh standing over him with a knife to his head. It was later that he managed to escape. Wilkinson's treating physician testified that the knife was readily capable of causing death or serious bodily injury. The jury found Ronne-Stombaugh guilty of both charges of first degree assault with a deadly weapon and burglary with a deadly weapon. He was sentenced to 210 months confinement, the

bottom range for both offenses.

Through counsel, Ronne-Stombaugh appealed. The Washington Court of Appeals denied his appeal in an unpublished opinion and also denied his Motion for Reconsideration. Ronne-Stombaugh petitioned for review by the Washington Supreme Court which denied it without comment and dismissed his petition. Ronne-Stombaugh then filed a Personal Restraint Petition in the Washington Court of Appeals, which dismissed his petition. He again moved for discretionary review by the Washington Supreme Court, which denied it. The Washington Court of Appeals issued a Certificate of Finality on October 26, 2006.

Ronne-Stombaugh then filed this Petition for Writ of Habeas Corpus with four claims for relief: (1) there was insufficient evidence to support the first degree assault conviction; (2) the trial court's failure to give a jury instruction on second degree assault; (3) defense counsel was ineffective for failing to request a second degree assault instruction; and (4) there was insufficient evidence to support the first degree burglary conviction. In his response to the Habeas Petition, Respondent claimed that Ronne-Stombaugh had not exhausted his fourth claim in the state courts. This court disagreed and directed Respondent to also respond to that claim.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court shall not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state court adjudication of the claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or if the state court decision was based on an objective unreasonable determination of the facts in light of the evidence presented in the State court proceeding, which requires that the state court decision be more than incorrect or erroneous. *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). The state court's factual findings are presumed to be correct unless rebutted by clear and convincing evidence.

Petitioner's first claim is that there was insufficient evidence to support his conviction for first degree assault. When evaluating a claim of insufficiency of the evidence to support a conviction the question is not whether this court believes the evidence establishes guilt, but rather whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). This court's review requires deference to the jury's findings of fact.

Under Washington law, a person is guilty of assault in the first degree if he, "with intent to inflict great bodlily harm, assaults another with a firearm or any deadly weapon or by any force or means likely to produce great harm or death." RCW 9A.36.011(1)(a). The state's theory of the case was that Ronne-Stombaugh committed first degree assault by cutting Wilkinson with a knife–a deadly weapon-with intent to inflict great bodily harm or death.  Also under Washington law, great bodily harm means "bodily injury which creates a probability of death or which causes signification serious permanent disfigurement, or which causes a significant permanent loss or impairment of the function of any bodily part or organ." WPIC 2.04

The state's theory of the case was that Ronne-Stombaugh committed first degree assault by cutting Wilkinson with a knife–a deadly weapon–with intent to inflict great bodily harm.  The prosecutor presented testimony that Ronne-Stombaugh had physically attacked Wilkinson after entering Dilger's  residence by going upstairs to confront Wilkinson in her bedroom and that Wilkinson tried to escape, but that Ronne-Stombaugh chased him downstairs and eventually knocked him to the laundry room floor, where he sliced his forehead with a butcher knife.  Wilkinson testified that Ronne-Stombaugh said he was going to kill him and that he had no right to be with Dilger.  Dilger testified that she saw Wilkinson knocked out on the laundry room floor and told Ronne-Stombaugh to stop beating him and that Ronne-Stombaugh repeatedly said "Marcie, don't think I won't do it, I'll kill him".  Wilkinson's doctor testified that the knife was readily capable of causing death or serious bodily injury.  Ronne-Stombaugh testified that he was defending himself and that Wilkinson had caused his own knife wound during the scuffle the two

had.  Obviously, the jury believed Mr. Wilkinson and disbelieved Ronne-Stombaugh's version of events and found  instead that Ronne-Stombaugh had cut Wilkinson with a knife with intent to inflict great bodily harm.

In claim two, Ronne-Stombaugh argues that the trial court violated due process by failing to instruct the jury on the lesser included offense of second degree assault.  In Washington, first degree assault requires evidence of intent to inflict great bodily harm. The Second degree assault statute requires proof of intent to assault thereby recklessly inflicting substantial bodily harm.   The jury heard that during the assault, Ronne-Stombaugh repeatedly stated that he would kill the victim and they obviously believed that testimony.  Under Washington law, a lesser included offense instruction is warranted only when (1) the statute for the greater and lesser offense proscribes the same offense, (2) the charged offense divides crimes into degrees and the proposed lesser offense is an inferior degree of the charged offense, and (3) there is evidence that the defendant committed only the lesser offense of recklessly inflicting substantial bodily harm.

Only the third element is at issue here.   State law requires particularized evidence that would allow a rational juror to find that the Defendant committed only the lesser offense for the lesser included offense instruction to be appropriate.  That is not the case here. Ronne-Stombaugh testified that he was defending himself and that he acted only to ward off the aggressions of Wilkinson and did not commit any intentional assault.  He also claimed that Wilkinson self-inflicted the cut to his forehead with his own knife during the struggle.  The court gave the Washington first degree assault instruction and Mr. Ronne-Stombaugh's proposed self-defense instruction. The defense did not request a second-degree assault instruction.

Ronne-Stombaugh now claims that the record contains evidence that his intent was merely to create apprehension of fear in Wilkinson, which called for a second degree assault instruction, even though not requested at trial.  There was a complete lack of any evidence that he intended anything other than to inflict great bodily harm.   In his habeas petition, Ronne-Stombaugh cites *Beck v. Alabama,* 447 U.S. 625 (1985) to support his

claim that the state court decision was contrary to clearly established Supreme Court precedent. However, that case held that a court must instruct on a lesser included offense in a capital case when the evidence leaves some doubt with respect to an element that would justify conviction of the capital offense. *Id.* Of course, this is not a capital case and the evidence at Ronne-Stombaugh's trial left no doubt as to any element set forth in the first degree assault instruction. The evidence was clear and left no doubt that Ronne-Stombaugh assaulted Wilkinson with a knife intending to inflict great bodily harm and even to kill his victim. A rational jury could not have found that he only committed second degree assault.

The third claim of ineffective assistance of counsel for not requesting a second degree assault instruction is equally without merit. In order to establish an ineffective assistance claim, a petitioner must show that trial counsel's performance fell below an objective standard of reasonableness and it so prejudiced the defense that it deprived him of a fair trial and caused the state court proceedings to be unreliable. *Strickland v. Washington,* 466 U.S. 668)(1984). There is a complete lack of such a showing here. Petitioner's claim is simply that counsel failed to request a jury instruction that had no relevance at all to the case, which does not establish that his counsel's performance fell below an objective standard of reasonableness depriving Ronne-Stombaugh of a fair trial.

Ronne-Stombaugh's fourth claim is that there was insufficient evidence to show that he committed burglary because the events occurred in a house where he used to live. However, the testimony at trial showed that at the time of the assault and burglary his relationship with Ms. Dilger was over, and he had no permission from her to continue to live in her home. The evidence at trial established that he did not have a key, he forced his way into the house when Ms. Dilger rescued her cat, and that she asked him to leave on numerous occasions, which he failed to do.

Washington's Burglary in the First Degree statute RCW 9A.52.020 provides that a person is guilty of burglary in the first degree if, with the intent to commit a crime against a person or property, he enters or remains unlawfully in a building, and is armed with a

deadly weapon, or if he assaults any person therein.   The evidence at trial established clearly that Ronne-Stombaugh illegally pushed past Ms. Dilger at the door of her home, unlawfully remained after she made many requests that he leave, picked up a knife, a deadly weapon, and  assaulted Mr. Wilkinson with that weapon, clearly establishing burglary in the first degree.

Accordingly, there is no claim in Mr. Ronne-Stombaugh's Petition that warrants habeas relief and therefore the Petition for Writ of Habeas Corpus must be denied with prejudice.

**IT IS SO ORDERED.**  The Clerk is further directed to enter this Order, forward copies to Petitioner and to counsel for Respondent, and to close this file.

**DATED** this 25th day of February, 2008.


                          s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
                   SENIOR UNITED STATES DISTRICT JUDGE